**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ALEXANDRO GRACIA, an individual,

Plaintiff,

v.

LEMONADE INSURANCE COMPANY, a New York corporation; METROMILE OPERATING COMPANY, INC., a Delaware corporation and DOES 1 through 100, inclusive,

Defendants.

Case No. 2:24-cv-01566 SPG (PVCx)

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 17]**

Before the Court is Plaintiff Alexandro Gracia's motion to remand to the Superior Court of California for the County of Los Angeles. (ECF No. 17 ("Mot.")). Defendant opposes. (ECF No. 19). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds that the matter is suitable for resolution without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L. R. 7.15. For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

## I. BACKGROUND AND PARTIES

Plaintiff Alexandro Gracia ("Plaintiff") alleges that Defendants Lemonade Insurance Company and Metromile Operating Company, Inc. (together "Defendants") violated California's employment laws. (ECF No. 1-4 ("FAC")).[1] Plaintiff alleges discrimination, retaliation, failure to prevent discrimination, and disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), wrongful termination in violation of public policy, intentional and negligent infliction of emotional distress, and failure to produce employment documents. (*Id.* at 1-2). Plaintiff's initial complaint was filed in state court on January 10, 2024. (ECF No. 1-1 at 1). Plaintiff filed his First Amended Complaint on February 1, 2024. (FAC). On February 26, 2024, Defendant Lemonade Insurance filed the Notice of Removal in this Court. (ECF No. 1). On March 25, 2024, Plaintiff filed the instant Motion. Defendants opposed on April 10, 2024. (ECF No. 19 ("Opp.")).

Plaintiff is, and at all relevant times was, a resident in the County of Los Angeles, California. (ECF No. 17-1 at 6). Defendant Lemonade is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York. (ECF No. 1 at 7). Defendant Metromile is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of California. (*Id.*).

## II. LEGAL STANDARD

To remove a case from a state court to a federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). When removal is based on diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be diverse. 28 U.S.C. § 1332. The party

---

[1] In Plaintiff's Motion and Plaintiff's FAC, Plaintiff is identified as "Alexandro Garcia." Similarly, the official name on the Court's ECF system is "Alexandro Garcia." In Plaintiff's Opposition, Plaintiff identifies as "Alexandro Gracia" and notes that the previous identification is erroneous.

invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1195 (9th Cir. 1988). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Moreover, if it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc*., 726 F.3d 1118, 1121–22 (9th Cir. 2013) (internal citations and quotation marks omitted).

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art and does not connote any intent to deceive on the part of plaintiffs or their counsel. *Lewis v. Time Inc*., 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983). The relevant inquiry is whether the plaintiff has failed to state a cause of action against the non-diverse defendant, and the failure is obvious under settled state law. *Morris*, 236 F.3d at 1067; *McCabe*, 811 F.2d at 1339.

The burden of proving fraudulent joinder is a heavy one. The removing party must prove that there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). In this regard, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117

(N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand.").

## III. DISCUSSION

Plaintiff argues Defendants have failed to establish that complete diversity exists in this action. Defendants oppose, arguing that Plaintiff attempts to destroy complete diversity using a sham defendant, namely, Defendant Metromile. The Court turns to these arguments now.

### A. Amount in Controversy

"A removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (internal citation omitted). However, if a plaintiff then contests the allegations in the notice of removal, both sides may "submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014).

Here, Defendants allege that this "case may be removed pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the amount in controversy for Plaintiff's claims exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs…." (ECF No. 1 at 5). Plaintiff does not contest that the amount in controversy exceeds the jurisdictional floor. Thus, the Court finds that the amount in controversy is met.

### B. Whether There Exists Complete Diversity

Defendants assert that this district court has removal jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996). Nevertheless, one exception to the requirement of complete diversity is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.

2001). Defendants argue that Defendant Metromile is "erroneously named in the FAC as Plaintiff's employer and may be disregarded for purposes of diversity as a sham defendant." (ECF No. 1 at 7). Under Ninth Circuit precedent, a Court may properly disregard a non-diverse defendant if it determines that party's joinder is a "sham," such that no possible cause of action can be established against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The defendant is entitled to present the facts showing the joinder to be fraudulent. (*Id.*).

Plaintiff seeks to assert a series of FEHA claims, a wrongful termination claim, and claims for negligent and intentional infliction of emotional distress against Defendant Metromile. To support a claim that a nondiverse defendant has been fraudulently joined, the removing party must show that the plaintiff has failed to state a valid cause of action against that nondiverse defendant, and the "settled rules of the state" must make the failure evident by clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal quotation marks omitted). When determining whether this burden has been met, courts may look to the face of the plaintiff's complaint, as well as to additional "summary judgment type evidence." *Morris*, 236 F.3d at 1068. The Court begins with Plaintiff's FEHA claims.

FEHA establishes a civil right to be free from job discrimination based on certain classifications, including race and sex. *Vernon v. State of California*, 116 Cal. App. 4th 114, 127 (2004). The FEHA predicates potential liability on the status of the defendant as an "employer." (*Id.*) (internal citations omitted). The FEHA defines an employer as "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly…." Cal. Gov't Code § 12926. Defendants argue that "Metromile is erroneously named in the FAC as Plaintiff's employer…." (ECF No. 1 at 7). According to Defendants, "Plaintiff ceased to be employed by Metromile as of December 31, 2022 after Lemonade, Inc. completed its acquisition of Metromile." (*Id*. at 9). "Plaintiff became a Lemonade, Inc. employee on January 1, 2023 until his termination on April 21, 2023." (*Id*.). Since Metromile "did not have any employees" after December

31, 2022, and Plaintiff alleges that he first sustained injuries to his finger on or about March 18, 2023, the "causes of action in the FAC" all occurred "at a point when Plaintiff was no longer employed by Metromile." (*Id*. at 8-9). Because, Defendants argue, the events giving rise to Plaintiff's causes of action under FEHA all occurred when Plaintiff was an employee of Defendant Lemonade, Defendant Metromile has been fraudulently joined.

Plaintiff contends, to the contrary, that "Defendants Lemonade and Metromile are liable for the harms caused to Plaintiff because each Defendant jointly and separately exercised direct and indirect control over Plaintiff's employment conditions." (Mot. at 7). Plaintiff asserts – and Defendants do not deny – that "Metromile was the original employer of Plaintiff." (Mot. at 8). The chief disagreement between the Parties is, then, whether Metromile ceased to be Plaintiff's employer after December 31, 2022—that is, after its acquisition by Lemonade. For the following reasons, the answer is Yes.

Defendants provide evidence, via a declaration by Julia Sigel, Senior Director of People Ops for Lemonade Inc., that "[o]n January 1, 2023, all Metromile Operating Company's employees moved to the payroll of Lemonade, Inc. As such, on January 1, 2023, Gracia commenced employment with Lemonade, Inc. He was employed at Lemonade, Inc. as a Sales Specialist." (ECF No. 1-9 ("Sigel Decl.") ¶ 5). "After December 31, 2022, Metromile Operating Company ceased to have any employees, Gracia ceased to be an employee of Metromile Operating Company, and Metromile Operating Company had no control over the day-to-day activities, discipline, accommodation, termination, or supervision of Lemonade, Inc.'s employees, such as Gracia." (Sigel Decl. ¶ 6).

In response, Plaintiff cites numerous authorities on the law of joint employment. *See* (*Mot.* at 7-8). However, Plaintiff offers no evidence to suggest that Defendants were joint employers of Plaintiff. Instead, Plaintiff simply states in conclusory fashion that "the facts and allegations contained in the Complaint demonstrate that Defendants Lemonade and Metromile were Plaintiffs' joint employers and Defendants cannot demonstrate that there is no possibility of stating a cause of action against them." (Mot. at 8). Because this

conclusory assertion is not sufficient to rebut Defendants' evidence and Plaintiff offers no alternative set of facts that *could* be used to bring Metromile into the scope of his FEHA claims, the Court holds Plaintiff has failed to bring a valid cause of action under FEHA against this nondiverse defendant.

Because the remaining causes of action are all predicated on Defendant Metromile having a role in the employment and discharge of Plaintiff, and the Court has held that Defendant Metromile was not Plaintiff's employer during the span of time in which the causes of action were alleged to occur, Plaintiff has failed to state any causes of action under the remaining claims, i.e., wrongful termination in violation of public policy, intentional and negligent infliction of emotional distress, and failure to produce employment documents.[2]

In light of the above, Defendant Metromile is a fraudulently joined defendant. Because there is complete diversity between the remaining parties and the amount in controversy for Plaintiff's claims exceeds the sum of seventy-five thousand dollars, the Court has diversity jurisdiction over this Action.

**C. Plaintiff's Request for Attorney's Fees**

28 U.S.C. Section 1447(c) provides, in relevant part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because Plaintiff's Motion has been denied, the request for attorney's fees under § 1447 is also denied.

---

[2] Although Defendants address the remaining causes of action, *See* (Opp. at 13-14), Plaintiff does not.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

DATED: April 30, 2024



HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE